1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SPENCER F. HOBSON and LINDA A. HOBSON, | Case No. 3:12-cv-00399-MMD-WGC |
| Plaintiffs, | ORDER |
| v. | (Defs.' Motion to Dismiss – dkt. no. 6) |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al., | |
| Defendants. | |

I.    **SUMMARY**

       Before the Court is Defendants' Motion to Dismiss.  (Dkt. no. 6.)  For reasons

discussed below, the Motion is denied.

II.    **BACKGROUND**

       Plaintiffs Spencer F. Hobson and Linda A. Hobson purchased real property

located at 1991 Quail Creek Court, Reno, Nevada 89509 (the "Property"), January 2,

1998, for $352,000.  (Dkt. no. 6-A.)[1]  In June 2001, the Hobsons obtained $48,000 home

equity line of credit issued by Homecomings Financial Network, Inc. ("Homecomings"),

which was secured by a Deed of Trust.  (Dkt. no. 6-B.)  The Deed of Trust names

_____

       [1]The Court takes judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n. 1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

1    Homecomings as lender and Standard Trust Deed Service Company ("Standard Trust")

2    as trustee.  (*Id.*)  Defendants allege that this line of credit was obtained alongside a

3    $384,000 conventional 30-year loan from Homecomings, but do not append the relevant

4    Deed of Trust detailing the security of that loan.

5         On September 15, 2010, Defendant Mortgage Electronic Registration Systems,

6    Inc. ("MERS") initiated a Substitution of Trustee, substituting Executive Trustee Services,

7    LLC ("Executive Trustee") with the original trustee Standard Trust.  (Dkt. no. 6-C.)  The

8    Substitution of Trustee was recorded on September 17, 2010.

9         Also on September 15, 2010, Executive Trustee executed a Notice of Default,

10   which was recorded on September 17, 2010.  (Dkt. no. 6-D.)  The Notice stated that the

11   Hobsons defaulted on obligations under the deed of trust that secured their $384,000

12   loan beginning on June 1, 2010.

13        A foreclosure mediation was held on May 6, 2011, pursuant to Nevada's

14   Foreclosure Mediation Program.   (Dkt. no. 1-A at ¶ 13.)   The Hobsons allege that

15   Defendants failed to bring to the mediation the original or certified note, deed of trust,

16   and assignments relating to the Property.  (*Id.*)

17        Thereafter, on July 1, 2011, MERS assigned its beneficial interest in one of the

18   deeds dated June 1, 2001, to Deutsche Bank Trust Company Americas as Trustees.

19   (Dkt. no. 6-E.)  The Assignment was recorded on July 13, 2011.

20        On July 25, 2011, Executive Trustee issued a Notice of Rescission of Declaration

21   of Default rescinding and withdrawing its Notice of Default.  (Dkt. no. 6-F.)  The Notice of

22   Rescission was recorded on July 26, 2011.

23        Executive Trustee issued a second Notice of Default on July 25, 2011, and

24   recorded on July 26, 2011.  (Dkt. no. 6-G.)  This second Notice of Default was issued for

25   failure to pay the same obligations due on June 1, 2010, for the $384,000 loan.

26        On April 30, 2012, the foreclosure mediation program issued a Certificate

27   indicating that the property was "non-applicable" and allowing the foreclosure to

28   proceed.  (Dkt. no. 6-I.)  The Certificate was recorded on May 22, 2012.

1
2
3

Executive Trustee issued a Notice of Trustee's Sale on May 29, 2012, scheduling a sale of the Property on June 29, 2012.  (Dkt. no. 6-J.)  The Notice of Sale was recorded on June 1, 2012.

4
5
6
7
8
9
10

The Hobsons thereafter filed the instant action on June 25, 2012, in the Second Judicial District Court for the County of Washoe.  (Dkt. no. 1-A.)  The Hobsons named MERS, GMAC Mortgage, LLC, and Executive Trustee as Defendants, and allege four causes of action: Document Violation of NRS § 107.086 (Claim 1), Certificate Violation of NRS § 107.086 (Claim 2), Notice of Default Violation of NRS § 107.080 (Claim 3), and Chain of Title Violation of NRS § 107.080 (Claim 4).  Defendants removed the action on July 27, 2012.  (Dkt. no. 1.)

11

### III.    LEGAL STANDARD

12
13
14
15
16
17
18
19
20
21
22

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (internal citation omitted).

23
24
25
26
27
28

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id.* at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible

1  claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint

2  alleges facts that allow a court to draw a reasonable inference that the defendant is

3  liable for the alleged misconduct.  *Id.* at 678.  Where the complaint does not permit the

4  court to infer more than the mere possibility of misconduct, the complaint has "alleged –

5  but not shown – that the pleader is entitled to relief."  *Id.* at 679 (internal quotation marks

6  omitted).  When the claims in a complaint have not crossed the line from conceivable to

7  plausible, the complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

8       A complaint must contain either direct or inferential allegations concerning "all the

9  material elements necessary to sustain recovery under *some* viable legal theory."

10  *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

11  1106 (7th Cir. 1989) (emphasis in original)).

12  **IV.   DISCUSSION**

13       The Hobsons bring four distinct defective foreclosure claims.[2]  Nevada law

14  provides that a Deed of Trust is an instrument that may be used to "secure the

15  performance of an obligation or the payment of any debt."  NRS § 107.020.  Upon

16  default, the beneficiary, the successor in interest of the beneficiary, or the trustee may

17  foreclose on the property through a trustee's sale to satisfy the obligation.

18  NRS § 107.080(2)(c).

19       "NRS § 107.080 and NRS § 107.086 set out certain procedures that must be

20  followed before a trustee may execute the power of sale, and if these procedures are not

21  substantially complied with, the sale may be declared void."  *Elliot v. JPMorgan Chase*

22  *Bank., N.A.*, No. 3:11-cv-826-RCJ-VPC, 2012 WL 1682039, at *4 (D. Nev. May 11,

23  2012) (citing NRS § 107.080(5)(a)).

24       To commence a foreclosure, the beneficiary, the successor in interest of the

25  beneficiary, or the trustee must execute and record a notice of default and election to

26

27  _____

28       [2]They do not allege the common law wrongful foreclosure claim, which, as the
    Defendants point out, requires an allegation that they are able to tender the amount due.

4

1   sell.  NRS § 107.080(2)(c).  A copy of the notice of default and election to sell must be

2   mailed by registered mail or certified mail with return receipt requested.  *Id.* at §

3   107.080(3).  The trustee or other person authorized to make the sale must wait at least

4   three months after recording the notice of default and election to sell before the sale may

5   proceed.  *Id.* at § 107.080(2)(d).  After the three-month period, the trustee must give

6   notice of the time and place of the sale to each trustor by personal service or by mailing

7   the notice by registered or certified mail to the last known address of the trustor.  *Id.* at §

8   107.080(4)(a).  Under NRS § 107.080(5), a "sale made pursuant to this section may be

9   declared void by any court of competent jurisdiction in the county where the sale took

10  place if . . . [t]he trustee or other person authorized to make the sale does not

11  substantially comply with the provisions of this section."  *Id.* at § 107.080(5)(a).  A

12  nominee on a Deed of Trust has the authority, as an agent, to act on behalf of the holder

13  of the promissory note and execute a substitution of trustees.  *Gomez v. Countrywide*

14  *Bank, FSB*, 2009 WL 3617650, at *1 (D. Nev., Oct. 26, 2009).  As long as the note is in

15  default and the foreclosing trustee is either the original trustee or has been substituted

16  by the holder of the note or the holder's nominee, there is no defect in the Nevada

17  foreclosure.  *Id.* at *2.

18      In this case, Defendants have failed to demonstrate a proper chain of foreclosing

19  entities.  First, Defendants have not appended the Deed of Trust that secures the

20  Hobsons' $384,000 refinanced loan.  The Court cannot determine who the original

21  lender, trustee, or beneficiary was in the absence of this document.  It is not clear, based

22  on the judicially noticeable documents, how MERS claimed the authority to substitute

23  Executive Trustee, thus calling into question the entire chain of foreclosure.

24      Second, the Hobsons allege that they did not receive the second Notice of Default

25  executed on July 25, 2011.  (*See* dkt. no. 1-A at ¶ 28.)  Although the foreclosing entity is

26  under no obligation to ensure the notice of default was actually received by the borrower,

27  it is under an obligation to mail the notice.  *See Hankins v. Adm'r of Veterans Affairs,* 555

28  P.2d 483, 484 (Nev.1976) (statute only requires mailing notices).  The Court declines to

consider documents not in the public record or properly the subject of judicial notice, including affidavits of mailing attached by Defendants.

**V.    CONCLUSION**

Accordingly, the Hobsons have stated a plausible claim for relief, and Defendants' Motion (dkt. no. 6) is DENIED.

DATED THIS 4th day of February 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE